UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RECOVERY WORKS HEALING
CENTER, LLC,

    Plaintiff,

vs.

CIARA BOBBITT, *et al.*,

    Defendants.

Case No. 3:23-cv-97

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. No. 8);
(2) REMANDING THIS CASE TO THE MONTGOMERY COUNTY, OHIO COURT OF
COMMON PLEAS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

    This civil case is before the Court on Plaintiff Recovery Works Healing Center, LLC's motion to remand this case to the Montgomery County, Ohio Court of Common Pleas, from where it was removed. Doc. No. 8. Defendants Ciara Bobbitt and Sean Bobbitt ("the Bobbitts") removed this case, based on a federal question, on March 30, 2022. Doc. No. 3.

    Plaintiff's sole claim arises under Ohio Revised Code Chapter 1333, which prohibits disseminating trade secrets without authorization. Doc. No. 4 at PageID 31. As a predicate for federal question jurisdiction, the Bobbitts point not to their claim, but to their counterclaims arising under Title VII of the Civil Rights Act of 1964. Doc. No. 3 at PageID 27. The Court, on April 13, 2023, thus ordered the Bobbitts to show cause why this case should not be remanded for lacking subject matter jurisdiction. Doc. No. 10 at PageID 72–73. In response, the Bobbitts contend that the doctrine of supplemental jurisdiction permits removal here. Doc. No. 12 at PageID 79–80.

    Under 28 U.S.C. § 1441, "federal question exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc.*, 342

F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). Federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In fact, the removal statute "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot USA, Inc. v. Jackson*, --- U.S. ---, 139 S. Ct. 1743, 1748 (2019).

The Bobbitts do not identify any plausible basis for federal question jurisdiction beyond their counterclaims. Doc. No. 3 at PageID 27. Plaintiff's complaint invokes only Ohio law, *see* Doc. No. 4 at PageID 31, and the Bobbitts counterclaims are insufficient to confer original jurisdiction. *See, e.g.*, *Vaden*, 556 U.S. at 60–61; *GE Money Bank v. Bringman*, No. 2:11-cv-523, 2011 WL 5570068, at *1–2 (S.D. Ohio Nov. 16, 2011). Moreover, the Bobbitts' argument—invoking supplemental jurisdiction as a basis for removal—lacks merit because "[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute[.]" *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citations omitted); *see also Wrobbel v. Asplundh Constr. Corp.*, 549 F. Supp. 2d 868, 876 (E.D. Mich. 2008).

Accordingly, the Court: (1) **GRANTS** Plaintiff's motion to remand (Doc. No. 8); (2) **REMANDS** this case to the Montgomery County, Ohio Court of Common Pleas; and (3) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

August 14, 2023                              s/Michael J. Newman
                                             Hon. Michael J. Newman
                                             United States District Judge